433 So.2d 22 (1983)
A.O., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-869.
District Court of Appeal of Florida, Third District.
June 14, 1983.
Bennett H. Brummer, Public Defender, and Bruce Rosenthal, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Scott A. Silver, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and JORGENSON, JJ.
PER CURIAM.
The juvenile pled nolo contendere to a petition for adjudication of delinquency, specifically reserving the right to appeal the question of whether a dependent can be adjudicated delinquent based upon a violation of a court order to attend school. We answer in the affirmative.
The child had previously been adjudicated dependent with the special terms that he: (a) attend school; (b) obey an established curfew; and (c) obey his mother's reasonable demands. When it appeared that he had failed to attend school, the state petitioned for a determination of delinquency charging that the juvenile was in contempt of the court's dependency order. While the dependent acknowledges that he may be held in contempt for violation of the conditions of his dependency, R.M.P. v. Jones, 419 So.2d 618 (Fla. 1982), he contends that he may not be adjudicated delinquent.
It is true that Section 39.01(9), Florida Statutes (1981) provides that truancy is a basis for a finding of dependency and Section 39.01(8), Florida Statutes (1981) does not describe it as a basis for an adjudication of delinquency. However, Section 39.01(8) expressly authorizes a petition for delinquency upon a finding of contempt of court. Since the juvenile cannot dispute the finding of contempt, see R.M.P. v. Jones, supra, we find no merit to his contention that an adjudication of delinquency is improper.[1]
We hereby certify to the Supreme Court of Florida, as provided for in Article V, Section 3(b)(4) of the Constitution of Florida, *23 as a means of bringing this cause within the jurisdiction of the Supreme Court of Florida, that the decision of this court in this cause passes upon a question of great public importance, that is: whether a juvenile may be adjudicated delinquent based upon a finding of contempt for violation of a previous order adjudicating him a dependent.
Affirmed.
JORGENSON, Judge, dissenting.
I respectfully dissent. I do not agree that a child found guilty of contempt may be adjudicated a delinquent when the basis for that finding is a violation of an order entered during a dependency proceeding.[1]See J.M.J. v. State, 389 So.2d 1208 (Fla. 1st DCA 1980). I do not believe that a concededly dependent child should face a criminal sanction for what could best be characterized as a status offense. See J.M.J., 389 So.2d at 1210.
A.O., fifteen years old at the time of this adjudication, now faces a potential four years of incarceration in institutions populated by young offenders who have committed real crimes; all this for the "crime" of not going to school. Such a result was not intended by the legislature. See J.M.J., 389 So.2d at 1210. I would accordingly reverse and remand with directions to vacate the adjudication of delinquency and for further proceedings pursuant to section 39.41, Florida Statutes (1981).[2]
NOTES
[1] We have considered Judge Jorgenson's thoughtful dissent but nonetheless respectfully disagree. The alternative to the proceeding suggested by the majority is for the state to commence another dependency proceeding with the probable outcome being that the court will impose the same conditions as those which have already been violated. We are of the view that the legislature intentionally designed Section 39.01 to avoid such a cumbersome procedure and to allow remedial action to be taken before it is too late to be of assistance to the juvenile and society. Nor do we share Judge Jorgenson's concern that the procedure approved by the majority necessarily means that the next time a dependent child becomes involved with the law it will result in criminal sanctions. The answer is that the juvenile can avoid criminal sanctions by complying with the dependency order.

We realize that neither the majority's nor Judge Jorgenson's alternative presents a happy answer to this delicate problem. We are persuaded, however, to follow what we perceive to be the legislative solution.
[1] The record does not reflect whether the dependency proceeding which occasioned the goto-school order afforded A.O. due process safeguards. See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); see also In Re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).
[2] I join the majority in the certified question.