442 So.2d 401 (1983)
G.L.D., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 83-466.
District Court of Appeal of Florida, Second District.
December 16, 1983.
*402 Jerry Hill, Public Defender, and L.S. Alperstein, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
Appellant, a juvenile, appeals an order finding him in indirect criminal contempt of a previous order adjudicating him dependent. We reverse.
Appellant appeared before the trial judge with his mother. The judge advised appellant of his right to be represented by counsel. Appellant indicated that he desired the services of an attorney but had no funds. The judge determined that appellant's only asset was an electric guitar and amplifier. *403 Appellant was declared partially insolvent and the public defender was appointed to represent him. In return, appellant was ordered to deliver his guitar and amplifier to the judge's secretary's office within ten days as partial payment of the public defender's fee. The court also appointed the public defender to consult with appellant concerning appeal of a commitment proceeding held earlier that day.
A brief recess was taken, after which the following exchange occurred:
THE JUVENILE: Judge, I don't want a lawyer.
THE COURT: On the record, please. Gary is now indicating, you do not want a lawyer?
THE JUVENILE: What, sir?
THE COURT: You are now indicating you do not want a lawyer in connection with that proceeding this morning for appeal purposes?
THE JUVENILE: Yes, sir.
THE COURT: All right. What we will do is, we will use this in this proceeding.
We are going to pass this down to you, Gary, and have you sign it.
MS. HELFRICH [Juvenile Counsellor]: Your Honor, Gary indicated he doesn't want to lose his guitar. This is indicated  what he didn't want a lawyer on, because he would have to lose his guitar 
THE COURT: That is on this proceeding?
THE JUVENILE: Is this for a Public Defender?
THE COURT: Are you indicating also that you do not want to have a lawyer on the contempt proceeding?
THE JUVENILE: Yes, sir.
THE COURT: Do you have a waiver of counsel form?
THE CLERK: Yes.
THE COURT: Let's pass that down to him and let him sign that. This is a form which says you are waiving your right to counsel on this order to show cause (R 32-33).
Appellant executed the waiver of counsel form without further explanation.
Appellant's mother was called to testify concerning appellant's failure to obey certain conditions of the dependency order. Following her testimony, the court advised appellant:
THE COURT: Now, at this time, Gary, you have the right to testify in your own behalf or to call witnesses to testify. Do you wish to testify?
THE JUVENILE: Yes, sir. There are some things I would like to say, if that is what it means.
THE COURT: Assume the seat at the end of the table. Raise your right hand. (R 41).
Appellant then refuted his mother's testimony.
Appellant was held in indirect criminal contempt and sentenced to five months in juvenile detention.
The first point raised is whether the court made a sufficient inquiry to determine whether appellant knowingly and intelligently waived his right to counsel.
Appellant, charged with criminal contempt and facing the possibility of incarceration, was entitled to be represented by counsel. Fla.R.Juv.P. 8.280(d); R.M.P. v. Jones, 419 So.2d 618 (Fla. 1982). Section 27.52(2)(d), Florida Statutes (1981), provides in pertinent part:
When the public defender, a special assistant public defender appointed pursuant to s. 27.53(2), or appointed private legal counsel is appointed to represent a minor in any proceeding in circuit court or in a criminal proceeding in any other court, the parents or the legal guardian of the minor shall be liable for the costs of such representation in an amount not to exceed $1,250. Liability for the costs of such representation may be imposed in the form of a lien against the property of the parents or the legal guardian of the minor, which lien shall be enforceable as provided in s. 27.56 or s. 27.561.
The lower court made no inquiry into appellant's mother's willingness or ability to furnish *404 him with legal counsel. If she could not afford counsel, the public defender should have been appointed and a lien placed against her property. The lower court had no authority to order appellant to turn over his guitar.
In R.V.P. v. State, 395 So.2d 291 (Fla. 5th DCA 1981), the fifth district noted,
"It is extremely doubtful that any child of limited experience can possibly comprehend the importance of counsel. Therefore, a juvenile judge must make certain that the child or his parents understand not only the child's right to counsel, but also that any waiver is intelligently and validly made."
395 So.2d at 292. In the instant case, appellant waived his right to counsel only to avoid the loss of his guitar. When appellant announced his intention to proceed without counsel, the lower court was obligated to (1) inform appellant of the benefits he would relinquish and the dangers and disadvantages of representing himself, (2) determine whether appellant's choice was made voluntarily and intelligently, and (3) determine whether any unusual circumstances existed which would preclude appellant from exercising his right to represent himself. Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983). This requirement was not met.
Appellant's remaining point on appeal is whether the lower court erred in asking appellant if he wished to testify without informing him of his fifth amendment privilege against self-incrimination.
Indirect criminal contempt proceedings against a juvenile which may lead to commitment in a state facility must be regarded as "criminal" for the purposes of the privilege against self-incrimination. See In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967) (privilege against self-incrimination obtains in juvenile delinquency proceedings); Aaron v. State, 284 So.2d 673 (Fla. 1973) (criminal contempt proceedings effectively criminal in nature and persons accused entitled to basic constitutional rights). This privilege may be waived, but any such waiver must be a knowledgeable and intelligent choice. R.V.P. v. State.
The case before us is strikingly similar to R.V.P. where the juvenile testified in response to the judge's invitation to do so without advising the juvenile of his right not to do so. We agree with the holding in R.V.P. The fact that appellant voluntarily took the stand is clearly not an effective waiver.
For the reasons set forth herein, this case is REVERSED and REMANDED for a new proceeding.
SCHEB and LEHAN, JJ., concur.