456 So.2d 1173 (1984)
A.O., a Juvenile, Petitioner,
v.
STATE of Florida, Respondent.
No. 63974.
Supreme Court of Florida.
September 27, 1984.
Bennett H. Brummer, Public Defender, and Bruce A. Rosenthal, Asst. Public Defender, Miami, for petitioner.
Jim Smith, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., Miami, for respondent.
BOYD, Chief Justice.
We have for review a district court of appeal decision, A.O. v. State, 433 So.2d 22 (Fla. 3d DCA 1983), in which, pursuant to article V, section 3(b)(4), Florida Constitution, the court certified the following question of great public importance:
[W]hether a juvenile may be adjudicated delinquent based upon a finding of contempt for violation of a previous order adjudicating him a dependent.
433 So.2d at 23.
In November 1981, A.O. was declared a dependent child and ordered to obey his mother, keep a curfew, and attend school. Because of A.O.'s continued truancy, the state filed a petition for delinquency on February 24, 1982, charging that A.O. was "A Delinquent Child within the intent and meaning of the Laws of the State of Florida, F.S. Chapter 39," because he had violated the November 1981 court order, and was therefore "in contempt of Court pursuant to sections 39.412 and 39.01(8), Florida Statutes." A.O. pled nolo contendere and specifically reserved the right to appeal the question whether the continued truancy shown could support an adjudication of delinquency. On appeal, the Third District Court of Appeal affirmed the adjudication of delinquency.
Section 39.01(9), Florida Statutes (1981), defines a dependent child as, among other *1174 things, one who is found to be "habitually truant from school." Section 39.01(8), on the other hand, defines a delinquent child as one who has been found to have committed "a felony, a misdemeanor, contempt of court, [etc.]." (Emphasis added.) When A.O. disobeyed the court order commanding him to attend school, he was in contempt of court. The question here is: did this contempt, grounded in the continuing or "status" offense of habitual truancy, support a finding of delinquency?
Petitioner relies on the decision in J.M.J. v. State, 389 So.2d 1208 (Fla. 1st DCA 1980). There, the juvenile had been adjudicated dependent for "runaway" and truant behavior under section 39.01(9), Florida Statutes (Supp. 1978). The dependency order imposed conditions prohibiting such behavior. A recurrence of the behavior led to a contempt charge resulting in the withholding of adjudication of delinquency and imposing probationary terms again prohibiting the truancy and "runaway" behavior. J.M.J. then violated the terms of the probation, was declared to be in contempt of court, and, on the ground of contempt, was adjudicated delinquent. The district court found that there was no valid petition for adjudication of delinquency in the record upon which such an adjudication could properly be based as required by section 39.05, and that under chapter 39, the legislative intent was to treat truancy and running away from home as acts of dependency. The court reasoned as follows:
Notably, delinquent children are those who have usually committed crimes. See § 39.01(8) and (34). In contrast, dependent children include those neglected and those formerly known as ungovernable. Compare § 39.01(9), Fla. Stat. (Supp. 1978) with 39.01(9), Fla. Stat. (1977). Further, distinguishing between delinquent and dependent acts has important consequences for a child. It is impermissible to detain a runaway child in a cell with a child charged with having committed a crime. See § 39.402(4). Also, the court may commit a delinquent to the custody of the department until the age of 19, not 18. Compare § 39.11(1)(c) with § 39.41(1)(c). Undoubtedly, the delinquent child incurs a stigma very much like that attached to the word "criminal." See State In Interest of M.S., 73 N.J. 238, 374 A.2d 445, 448 (N.J. 1977). It is apparent that the legislature, in deliberate wisdom, chose to classify persistent runaways and habitual truants only as dependent children, providing the court with a flexible range of placement options to meet the child's need for supervision. § 39.41. Thus, we hold the delinquency adjudication under chapter 39 is invalid under the facts presented in this case.
389 So.2d at 1210. In a footnote the court pointed out that its decision was not dealing with the court's inherent power to punish "for contempt outside the ambit of the juvenile statutes." Because it was clear that the lower court had intended to "employ chapter 39 mechanisms," the inherent contempt power was not the basis of the delinquency order. 389 So.2d at 1210, n. 4.
The state relies principally on the decision of this Court in R.M.P. v. Jones, 419 So.2d 618 (Fla. 1982), approving an order of detention of a juvenile as punishment for the juvenile's contempt of court in disobeying the conditions imposed in a previous dependency order. In R.M.P., the Court was presented with a certified question framed as follows:
Whether a juvenile court may impose conditions upon a dependent child, find the violation of those conditions constitutes contempt of court, and place the child in secure detention in the custody of the Department of Health and Rehabilitative Services for a limited time?
419 So.2d at 619. In R.M.P., the juvenile was adjudicated dependent and conditions of behavior were imposed, including that she not run away again and that she not associate with a specified individual. The order specified that violation would lead to contempt proceedings. The juvenile then again associated with the forbidden friend and ran away from home. The court found her in contempt and sentenced her to twenty days in juvenile detention.
*1175 The juvenile argued that the statute did not authorize imposition of conditions of behavior in a dependency order and that the statute did not authorize punishment for contempt based on the conduct shown. This Court found that the juvenile court could impose conditions in connection with an adjudication of dependency and that the conditions imposed were reasonable. As for the second argument, the Court found that the order finding contempt and imposing a sentence of detention for a specified period was an exercise of the trial court's inherent contempt power and was not a chapter 39 delinquency adjudication. The Court distinguished J.M.J. where it was clear that the court had intended to utilize "chapter 39 mechanisms."
In the present case, it is clear that the juvenile court was employing chapter 39 in the contempt proceedings. The petition for delinquency charged A.O. as a delinquent "within the intent and meaning" of chapter 39. The accusation of contempt was made pursuant to chapter 39. Thus, under the holding of J.M.J., which was distinguished and not in any way disturbed by this Court's decision in R.M.P., we hold that the petitioner was erroneously adjudicated delinquent.
The certified question, set out above, is framed more broadly than the facts of the case require. We therefore rewrite it as follows:
May a juvenile be adjudicated delinquent for contempt of court under chapter 39, based upon a finding of the dependency trait, "being habitually truant from school," section 39.01(9), Florida Statutes (1981), where the juvenile was previously found to be a dependent child on the same basis and was ordered to attend school?
We answer the revised certified question in the negative and hold that a juvenile may not be adjudicated delinquent for contempt of court under chapter 39 for continuing to be truant after being ordered to attend school in a previous dependency order. This holding comports with the expressed intent of the legislature in chapter 39 to balance the interests of society and the juvenile and to avoid retributive punishment whenever reasonably possible. § 39.001(2)(a) et seq., Fla. Stat. (1981).
Our holding does not detract from or modify R.M.P. v. Jones. While an adjudication of delinquency is not a permissible sanction under chapter 39 for a dependent child's disregard of a court order, the trial court still retains its inherent authority to punish for contempt, including, if necessary, placing the child in a secured detention facility for a reasonable period of time.
The decision of the district court of appeal, affirming the circuit court's order of delinquency, is quashed. The order of delinquency is vacated and the case is remanded for further proceedings consistent with this opinion.
It is so ordered.
OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.
ADKINS, J., dissents.