DELL, Judge.
The Florida Department of Health and Rehabilitative Services (HRS) appeals an order which adjudicated L.M.H. to have committed a delinquent act and committed her to HRS for an indeterminate period of time.
The juvenile court had initially adjudicated L.M.H. a dependent child and placed her under the supervision of HRS. L.M.H. refused to abide by the conditions of the dependency order. As a result HRS filed petitions for a rule to show cause why L.M.H. should not be held in contempt. After a hearing the court entered an order committing L.M.H. to the custody of HRS. HRS moved for relief from the order of commitment and the court entered amended orders holding her in contempt and committing her to the custody of HRS. The judgment of contempt stated that L.M.H. “failed to remain in the HRS designated shelter, failed to attend counseling and did run away. All acts being in violation of ... [this court’s] order.” The commitment order adjudicated L.M.H. as having committed a delinquent act in violation of section 39.01(8), Florida Statutes (1983), and committed her to HRS for an indeterminate period of time.
Appellee, the Department of Legal Affairs, contends that the court can use its inherent contempt power to punish L.M.H. Appellant, however, does not challenge the court’s inherent contempt power; rather, appellant contends that the court cannot adjudicate a child delinquent unless a petition for delinquency has been filed. The record discloses no such petition, but the juvenile court’s commitment order states on its face that L.M.H. “was adjudicated to have committed a delinquent act for violation of Florida Statute(s) 39.01 Sub. Sect. 8 which constitute(s) the offense(s) of contempt of court....”
Section 39.05(1), Florida Statutes (1983) provides:
All proceedings seeking a finding that a child has committed a delinquent act shall be initiated by the state by the filing of a petition for delinquency by the state attorney.
[Emphasis added.]
In a similar situation, our sister court held an adjudication of delinquency void. J.M.J. v. State, 389 So.2d 1208 (Fla. 1st DCA 1980). There the court stated:
The only pleading filed by a proper authority was a “Petition for Rule to Show Cause.” This petition fails to mention delinquency, the necessary facts indicating juvenile court jurisdiction, and the residence and names of J.M.J.’s parents. § 39.05(5); Fla.R.Juv.P. 8.110(a)(1) and (2). The petition apparently conforms to Rule 8.280 outlining the initial procedure for prosecuting indirect contempts and was not intended to conform with the requirements of a proper delinquency petition. Thus, the adjudication of delinquency is void because there is no petition of delinquency to support it. § 39.-05(1), supra.
Id. at 1209 (footnotes omitted).
Appellee’s reliance on A.O. v. State, 433 So.2d 22 (Fla. 3d DCA 1983) is misplaced. In A.O. v. State, a dependent child was adjudicated delinquent for violating the terms of a dependency order. However, the State had petitioned for a determination of delinquency and the court adjudicated the minor delinquent on the basis of that petition.
Appellee also relies on R.M.P. v. Jones, 419 So.2d 618 (Fla.1982). R.M.P. authorizes the juvenile court to proceed solely under its inherent contempt power and to sentence a minor as punishment for the contempt. However, R.M.P. does not authorize the juvenile court to adjudicate a minor to have committed a delinquent act where no petition for delinquency has been filed.
We hold that the trial court erred when it adjudicated L.M.H. as a delinquent under chapter 39 without a petition for delinquency to support that result. We reverse the order of commitment and remand this ease *1212 to the trial court with leave to impose a sentence under its judgment of contempt.
REVERSED and REMANDED.
HERSEY and WALDEN, JJ., concur.