PER CURIAM.
J.G. appeals from a judgment and sentence for indirect contempt. On appeal, J.G. argues that the trial court erred in holding him in contempt of court for a violation of community control.[1] J.G. also argues that he should not have been placed in secure detention for contempt of court.
Contempt is an appropriate sanction for violation of community control. Department of Health and Rehabilitative Services v. State, J.L.B., 599 So.2d 123 (Fla. 5th DCA 1992). See also R.M.P. v. Jones, 419 So.2d 618 (Fla.1982); O.W. v. Byrd, 461 So.2d 967 (Fla. 5th DCA 1984). However, the Florida Supreme Court has recently held that a juvenile may not be incarcerated for contempt of court by being placed in secure detention facilities. A.A. v. Rolle, 604 So.2d 813 (Fla.1992). Accordingly, we affirm the judgment of contempt, but, reverse the sentence and remand for further proceedings, if any are necessary, consistent with A.A.[2]
AFFIRMED in part; REVERSED in part; REMANDED.
W. SHARP, HARRIS and GRIFFIN, JJ„ concur.

. The petition alleged that J.G. had violated the terms of his community control by committing the offense of loitering and prowling, by failing to attend school on a regular basis and by associating with known delinquents. At his hearing, J.G. admitted that he had been absent from school and had contacts with known delinquents.

. The record on appeal suggests that J.G. may have fully served his sentence.