647 So.2d 1055 (1994)
DEPARTMENT OF JUVENILE JUSTICE, Petitioner,
v.
S.W. and M.W., minor children, Respondent.
No. 94-1927.
District Court of Appeal of Florida, Fifth District.
December 22, 1994.
*1056 Anita Langley, Department of Juvenile Justice, Orlando, for petitioner.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for respondent.
PER CURIAM.
The respondents are children who had been adjudicated "children in need of supervision" and who apparently were ordered by the trial court to complete certain educational requirements.[1] It looks as though M.W. was ordered to attend Pace School and S.W. was ordered to complete a GED program. In May 1994, the lower court issued an "Order to Show Just Cause" to the two respondents to show cause why they should not be held in indirect criminal contempt of court for failing to abide by the court's schooling orders. Both children appeared, apparently waived counsel and pled guilty to contempt of court. The children were also adjudged to be delinquent by virtue of the contempt and placed in non-secure detention.[2] The court subsequently held a disposition hearing at which the children were both placed at restrictiveness level two; ordered to pay costs and restitution and to comply with other special provisions.
By adjudging these CINS children in contempt of court, adjudicating them delinquent on the basis of the finding of contempt and then ordering them into detention as punishment for their failure to attend school, the lower court's order manifestly violates section 39.043 and section 38.048, Florida Statutes (1993). This procedure is also contrary to In the Interest of L.M.H., 462 So.2d 1210 (Fla. 4th DCA 1985) and the rationale, if not the letter, of A.A. v. Rolle, 604 So.2d 813 (Fla. 1992). Accordingly, we grant the petition for certiorari and vacate the orders under review.
PETITION GRANTED.
HARRIS, C.J., and GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] The record is very unclear exactly what was ordered or in what sequence. The November 12, 1993 order referred to by the lower court in its "Order to Show Just Cause" has not been made a part of the record on appeal. For purposes of our review, we will presume it does exist.
[2] We note that no issue was raised in this case as to petitioner's standing.