SMITH, Judge.
The Department[1] appeals a commitment order adjudicating M.H. delinquent for violating the probation terms of a previous order under which M.H. had been found in contempt, and in which adjudication of delinquency had been withheld. The act of contempt occurred when M.H. violated the provisions of a dependency order which required her to attend school and abide by a curfew. The Department contends that M.H. may not be committed to the Department and placed in a residential facility based upon an adjudication of delinquency founded upon a finding of contempt for violation of a court order adjudicating a child dependent. We find that under our prior case law the Department’s contention is correct. We therefore reverse.
Because of her truant and runaway behavior, the court determined M.H. to be a dependent child, placed her under the supervision of the Department, and required her to attend school and abide by a curfew. M.H. subsequently ran away from home and missed several days of school. Upon motion of the Assistant State Attorney, pursuant to Section 39.412, Florida Statutes (1981),[2] the court found M.H. in contempt, withholding adjudication of delinquency,[3] and placing her in community control with the requirement that she attend school and abide by a curfew. When M.H. failed to abide by a curfew and absconded, the trial court entered an order revoking community control, adjudicating M.H. delinquent, and committing her to the Department for an undetermined time.
The State contends that this case is controlled by A.O. v. State, 433 So.2d 22, 23 (Fla. 3rd DCA 1983), review pending, No. 63,974 (Fla. July 18, 1983), in which the Third District Court of Appeal held that a juvenile may be adjudicated delinquent based upon a finding of contempt for violating a condition of a previous order adjudicating him dependent and requiring him to attend school. However, A.O. v. State conflicts with an earlier decision of this court in J.M.J. v. State, 389 So.2d 1208 (Fla. 1st DCA 1980), in which this court held that since certain acts (such as those committed by M.H.) are specifically designated as acts of dependency under Florida’s Juvenile Justice Act (Section 39.01(9)), they should be consistently treated as acts of dependency, not delinquency, the provisions of Section 39.01(8) notwithstanding.
*361 In J.M.J., this court did not reach the question of the trial court’s inherent power to punish a juvenile for contempt outside the ambit of the juvenile statutes. Subsequently, in R.M.P. v. Jones, 392 So.2d 301 (Fla. 1st DCA 1980), affd 419 So.2d 618 (Fla.1982), this court held that a dependent child could be held in indirect criminal contempt for failure to abide by the trial court’s order prohibiting associations with certain children and runaway behavior. Notably, though R.M.P. was found guilty of indirect criminal contempt and placed in a detention facility for forty days, she was not adjudicated delinquent.[4]
Although the result in R.M.P. seems on first impression to be at odds with our decision in J.M.J., the two cases are distinguishable. On appeal, R.M.P. contended that the act committed by her (running away) which led to the contempt finding was an act of dependency under the provisions of Chapter 39 and could not support a finding of criminal contempt, citing J.M.J. The Supreme Court disagreed, finding that in J.M.J., it was clear the trial court had used “Chapter 39 mechanisms” to deal with J.M.J.’s behavior, whereas R.M.P. had been sentenced not for being a runaway but for being a criminal contemnor. Since R.M.P. had not been found in contempt under Chapter 39, the court observed, the punishment options available to the trial court were not limited by those in Chapter 39. R.M.P., 419 So.2d at 620.
The Supreme Court’s decision in R.M.P. leaves intact the holding of J.M.J. that persistent runaway and truant behavior shall be treated as acts of dependency, rather than delinquent behavior based upon a finding of contempt for failure to abide by a previous order prohibiting runaway and truant behavior.
Following the principles of stare decisis, we decline to recede from J.M.J., and for that reason must reject the holding of the Third District Court of Appeal in A.O. v. State.
Accordingly, the trial court’s order adjudicating M.H. delinquent is REVERSED.
WIGGINTON and NIMMONS, JJ., concur.

. Section 39.413, Florida Statutes (1981), permits the Department, as legal custodian of M.H., to pursue this appeal of the trial court’s order.

. Section 39.412, Florida Statutes (1981), provides as follows:
The court may punish for contempt any person interfering with the administration of or violating any provision of this part or order of the court relative thereto.

.An adjudication of delinquency may be predicated upon a finding of contempt of court. Section 39.01(8), Florida Statutes (1981).

. The trial court declined to adjudicate R.M.P. delinquent, citing this court’s decision in J.M.J.