725 So.2d 1278 (1999)
T.C., a child, Petitioner,
v.
Jaqueline LAYNE, Superintendent of the Palm Beach Juvenile Detention Center, Respondent.
No. 99-0144
District Court of Appeal of Florida, Fourth District.
February 17, 1999.
Richard L. Jorandby, Public Defender, and Jerry M. Wade II, Assistant Public Defender, West Palm Beach, for petitioner.
No response required for respondent.
STEVENSON, J.
Juvenile T.C. filed a petition for writ of habeas corpus challenging her detention. This case became moot when T.C. was released, *1279 but it involves a controversy capable of repetition, yet evading review, which should be considered on its merits.
T.C. had been placed on community control as a result of an earlier juvenile adjudication and was ordered to reside at her home. The instant detention came about as a result of her arrest for trespass when she was found sleeping in a vacant house. A pick-up order was subsequently issued for violation of community control. T.C. was then ordered into secure detention for the dual reasons that she had escaped or absconded from a community control program and because she qualified for detention under the Department of Juvenile Justice's risk assessment calculation which had been enhanced for the same reason. See §§ 985.213(2)(a)-(b), 985.215(2)(a), Fla. Stat. (1997).[1] It is T.C.'s position that she did not qualify for detention because community control imposed while an offender is allowed to remain at home should not be considered a "community control program." Further, T.C. argues that 10 of the 14 points on her risk assessment calculation were improperly awarded for "escape or absconding" and that had those points not been awarded, she would have qualified for home detention. We disagree with petitioner's position and deny the petition.
Under either theory, the detention order was proper only if the petitioner's act of leaving her approved residence while on community control can be considered escape or absconding from a "community control program." The Definitions section of Chapter 985, the Juvenile Delinquency statute, does not include a definition of the term "community control program," although that term is used throughout the chapter.[2]See §§ 985.03 (definitions); 985.215(2)(a) (detention); 985.228(5) (adjudications); 985.23(3)(d), (4) (disposition hearings); 985.231(1)(a)1 (dispositions); 985.233(1)(a) (sentencing). Section 985.23(4) suggests that the term "community control programs" includes a broader range of supervision programs than the petitioner contemplates:
If the court determines not to adjudicate and commit to the department, then the court shall determine what community-based sanctions it will impose in a community control program for the child. Community-based sanctions may include, but are not limited to, participation in substance abuse treatment, restitution in money or in kind, a curfew, revocation or suspension of the driver's license of the child, community service, and appropriate educational programs as determined by the district school board.
(emphasis added).
The term "community control" is defined in section 985.03(12) of the statute:
"Community control" means the legal status of probation created by law and court order in cases involving a child who has been found to have committed a delinquent act. Community control is an individualized program in which the freedom of the child is limited and the child is restricted to noninstitutional quarters or restricted to the child's home in lieu of commitment to the custody of the Department of Juvenile Justice.
In order for this petitioner to be entitled to relief from the detention, we would have to draw a distinction between the term "community control" and "community control program." *1280 In our view, no such distinction can be read into the statutes, especially where the definition of "community control" refers to it as an "individualized program." Id. When the relevant statutory provisions are read together and in context, it is apparent that the legislature used the terms "community control" and "community control program" interchangeably.
Accepting the petitioner's allegation about the factual basis for the violation as true, that is that she left her home-based supervision overnight without permission, then her detention was proper. Accordingly, the petition is denied summarily.
PETITION DENIED.
DELL and HAZOURI, JJ., concur.
NOTES
[1] Florida Statutes section 985.215(2)(a) provides:

Subject to the provisions of subsection (1), a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing may continue to be detained by the court if:
(a) The child is alleged to be an escapee or an absconder from a commitment program, a community control program, furlough, or aftercare supervision, or is alleged to have escaped while being lawfully transported to or from such program or supervision.
[2] The term is defined in section 958.03(2), the Youthful Offender Statute:

"Community control program" means a form of intensive supervised custody in the community, including surveillance on weekends and holiday, administered by officers with restricted caseloads. Community control is an individualized program in which the freedom of the offender is restricted within the community, home, or noninstitutional residential placement and specific sanctions are imposed and enforced.
Supervision within the home is expressly included in that definition. However, there is nothing in Chapter 985 to indicate that the Youthful Offender definition is incorporated in the Juvenile Delinquency statute.