790 So.2d 1275 (2001)
D.H., a child, Petitioner,
v.
Enoc ESTEVES, Superintendent, Broward Regional Juvenile Detention Center, Respondent.
No. 4D01-2937.
District Court of Appeal of Florida, Fourth District.
August 15, 2001.
Alan H. Schreiber, Public Defender, and Donald J. Cannarozzi, Assistant Public Defender, Fort Lauderdale, for petitioner.
*1276 No response required for respondent.
PER CURIAM.
Petitioner, a child, seeks release from secure detention. Nearly three years ago he pleaded no contest to charges of burglary of a conveyance and petit theft. Adjudication was withheld and he was placed on community control. Recently he was charged with possession of cocaine, grand theft auto, petit theft, two counts of trespass after warning, and failing to maintain contact with his juvenile probation officer, as well as other charges relating to an alleged failure to comply with conditions of probation. He was taken into custody and appeared before the court for a detention hearing.
At the hearing, the Department of Juvenile Justice (DJJ) asked the court to order that he be held in secure detention for 21 days and for a violation hearing within that time. Petitioner's counsel argued that he was charged with absconding from probation, not from a probation program and therefore the text of section 985.215(2)(a) does not authorize a 21-day detention. See § 985.215(2)(a), Fla. Stat. (2000) ("Subject to the provisions of subsection (1), a child taken into custody and placed into... secure detention care prior to a detention hearing may continue to be detained by the court if: (a) The child is alleged to be an escapee or an absconder from a ... probation program...."). His petition for a writ of habeas corpus, based on the same argument, seeks release from the trial court's ensuing 21-day detention order.
We agree with DJJ's position that there is no meaningful distinction between "probation" and a "probation program" for purposes of section 985.215(2)(a). According to section 985.03(43) "[p]robation is an individualized program...." The mere fact that the statutes envision the possibility of "day treatment probation programs," some of them being more "intensive and structured," does not mean that any individual placement into mere "probation" is any less a "probation program."
In any case, when petitioner was placed into "probation" in 1998, section 985.215(2)(a) spoke only of "community control program"the term "probation" did not appear in the statutory text. The term "program" was added in 2000, but neither the 1998 nor the current version refer to probation or community control without the word "program." Consequently, we agree with DJJ that there is no real difference between probation and a probation program. As petitioner has failed to demonstrate that his current detention is not legally authorized we deny his petition for writ of habeas corpus.
POLEN, C.J., FARMER and STEVENSON, JJ., concur.