838 So.2d 711 (2003)
M.P., a child, Petitioner,
v.
Janice GARDNER, Superintendent of the Palm Beach Juvenile Detention Center, Respondent.
No. 4D03-346.
District Court of Appeal of Florida, Fourth District.
March 12, 2003.
Carey Haughwout, Public Defender, and Daniel Marshall, Assistant Public Defender, West Palm Beach, for petitioner.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
Petitioner, M.P., a juvenile, filed an emergency petition for writ of habeas corpus seeking discharge from secure detention. Petitioner essentially argued that his detention was illegal because the trial court had failed to enter a written order with reasons for his secure detention, a departure from the risk assessment instrument (RAI) which qualified him for nonsecure or home detention. After this court issued an order to show cause and received a State response, the State filed an amended response advising that the trial court *712 subsequently entered an order of detention stating written reasons for petitioner's secure detention. Petitioner now challenges the sufficiency of the order of detention.
The undisputed facts in this case are that petitioner is charged with failure to appear for trial in two cases. At arraignment, the State requested that he be placed on home detention with electronic monitoring. The State submitted a RAI which, as corrected, totaled 11 points, qualifying him for nonsecure or home detention. The trial court heard unsworn statements from petitioner's mother, who said that she never knew where petitioner was, that he had punched holes in the walls and otherwise vandalized her home, and had brought marijuana into her home, exposing her daughter to it. The trial court thereupon orally found petitioner to be a danger to himself and others, and ordered petitioner into secure detention. The trial court subsequently entered a written order of detention, which provided that based on the information provided by petitioner's mother, as set forth in a transcript of the arraignment it attached, as well as petitioner's failure to appear for trial previously, and the court's personal observations of "the child, his attitude, his body movements, his demeanor, his manner, and his answers to the Court, ... the child is committed to secure detention."
Petitioner argues that the order of detention does not satisfy the statutory requirements for departure from the RAI. We agree.
Habeas corpus is the proper remedy where a juvenile is being detained illegally in violation of the risk assessment requirements and the detention statute. See, e.g., A.S. v. Byrd, 777 So.2d 1171 (Fla. 4th DCA 2001). The power to place in detention those charged with or found to have committed a delinquent act is entirely statutory. See J.J. v. Fryer, 765 So.2d 260, 265 (Fla. 4th DCA 2000); S.W. v. Woolsey, 673 So.2d 152, 154 (Fla. 1st DCA 1996).
Section 985.213(2)(a), Florida Statutes (2002), provides, with certain exceptions not applicable in this case, that:
All determinations and court orders regarding placement of a child into detention care shall comply with all requirements and criteria provided in this part and shall be based on a risk assessment of the child....
Section 985.213(1), Florida Statutes (2002), provides that all determinations and court orders regarding secure, nonsecure or home detention shall be based primarily upon findings that the child:
(a) Presents a substantial risk of not appearing at a subsequent hearing;
(b) Presents a substantial risk of inflicting bodily harm on others as evidenced by recent behavior;
(c) Presents a history of committing a property offense prior to adjudication, disposition, or placement;
(d) Has committed contempt of court...; or
(e) Requests protection from imminent bodily harm.
The RAI prepared in this case did not present these criteria. Neither did the trial court make written findings on them.
Section 985.215(2), Florida Statutes (2002), provides that a child placed into any kind of detention may be continued in detention by the court upon certain conditions, and further provides in part:
Unless the child is detained under paragraph (d) or paragraph (e), the court shall utilize the results of the risk assessment performed by the juvenile probation officer and, based on the criteria in this subsection, shall determine the need for continued detention. A *713 child placed into secure, nonsecure or home detention care may continue to be so detained by the court pursuant to this subsection. If the court orders a placement more restrictive than indicated by the results of the risk assessment instrument, the court shall state, in writing, clear and convincing reasons for such placement.

(emphasis supplied).
This last sentence has been called "the departure provision," by this court in J.J., 765 So.2d at 264.
We find the reasons assigned by the trial court in its order of detention for ordering placement more restrictive than indicated by the results of the RAI neither clear nor convincing. We do not find that the reasons assigned by the court are weighty or important enough to warrant a variation from the RAI required by the statute. See id. at 266. The judge vaguely refers to the mother's statements to him, but he does not specify what information from petitioner's mother he finds to warrant secure detention. He does not describe in any detail the personal observations, attitude, body movements, demeanor, manner or answers of petitioner to which he is referring either. His attempt to incorporate by reference the evidence presented at the arraignment by attaching the transcript to his order should not overcome this deficiency in the order for lack of adequate written reasons. See J.J.
In addition to being unclear, the judge's reasons are not convincing. The judge did not make a written finding that petitioner was a danger to himself or others, as he had orally found. Instead, he chose to rely on unsworn comments by the petitioner's mother, and petitioner's body language and attitude.
Petitioner's failure to appear at another trial was not explained in the written order to sufficient degree either. Section 985.215(2)(I) contains specific provisions for detention based on failure to appear. It authorizes secure detention for a child detained on a judicial order for failure to appear and who has previously willfully failed to appear after proper notice for an adjudicatory hearing in the same case, regardless of the RAI. It authorizes secure detention for up to 72 hours in advance of the next scheduled court hearing. However, it is clear from the transcript and the trial court's order of detention subsequently entered that the trial court was not relying on this subsection in ordering petitioner's secure detention for longer than 72 hours in advance of the calendar call. The court did not make any written findings of willful failure to appear.
Accordingly, we grant the petition for writ of habeas corpus and order petitioner's immediate release from secure detention, and his restoration to his detention status prior to the arraignment hearing.
No motions for rehearing will be entertained. Mandate shall issue simultaneously with this opinion.
STEVENSON, SHAHOOD and TAYLOR, JJ., concur.