DAVIS, Judge.
K.C. challenges the circuit court order committing her to a moderate risk program for indirect criminal contempt. We reverse.
After pleading guilty to petit theft, K.C. was placed on probation in August 2001. In September 2001, the Department of Juvenile Justice (DJJ) filed an affidavit of violation, alleging that K.C. had unexcused absences from school and that she had absconded from her grandparents’ residence, where she had been living. K.C. remained at large until May 2002. After appearing in court on June 3, 2002, and admitting that she violated her probation, the trial court ordered K.C. to appear on July 16, 2002, for disposition. However, prior to that date, two more affidavits of violation were filed, alleging that K.C. tested positive for marijuana and that she again absconded, leaving her whereabouts unknown. When K.C. failed to appear on July 16, she was noted to be on runaway status.
After she was again taken into custody, K.C. pleaded no contest to two charges of indirect criminal contempt. The trial court ordered that she remain in secure detention until the disposition hearing. At that hearing the trial court adjudged K.C. delinquent on the contempt charges and, citing S.W. v. State, 664 So.2d 39 (Fla. 5th DCA 1995), committed her to two six-month terms in a moderate risk program, in addition to a sixty-day commitment on the original violation of probation, all terms to be served concurrently. On appeal, K.C. argues that the trial court erred in placing her in a moderate risk program for the contempt charges. We agree.
Section 985.216, Florida Statutes (2001), limits the trial court’s options on a charge of indirect criminal contempt against a juvenile:
(1) CONTEMPT OF COURT; LEGISLATIVE INTENT. — The court may punish any child for contempt for interfering with the court or with court administration, or for violating any provision of this chapter or order of the court relative thereto. It is the intent of the Legislature that the court restrict and limit the use of contempt powers with respect to commitment of a child to a secure facility. A child who commits direct contempt of court or indirect contempt of a valid court order may be taken into custody and ordered to serve an alternative sanction or placed in a secure facility, as authorized in this section, by order of the court.
(2) PLACEMENT IN A SECURE FACILITY. — A child may be placed in a secure facility for purposes of punishment for contempt of court if alternative sanctions are unavailable or inappropriate, or if the child has already been ordered to serve an alternative sanction but failed to comply with the sanction.
(a) A delinquent child who has been held in direct or indirect contempt may be placed in a secure detention facility not to exceed 5 days for a first offense and not to exceed 15 days for a second or subsequent offense.
A “secure facility” is defined as “a physically restricting facility for the temporary *1195 care of children, pending adjudication, disposition, or placement.” § 985.08(47). We conclude that a residential commitment program does not fall within the definition of secure facility, nor does it qualify as an alternative sanction.[1]
Therefore, pursuant to chapter 985, the trial court was without authority to commit K.C. to a moderate risk program for a period of six months. Accordingly, we reverse K.C.’s sentence as to the two contempt charges. We also certify conflict with the Fifth District’s opinion in S.W., 664 So.2d 39, to the extent that it holds that commitment to a moderate risk residential program is a proper sanction for a charge of indirect criminal contempt against a juvenile under section 985.216.[2]
Reversed and remanded.
WHATLEY and CASANUEVA, JJ., Concur.

. Although “alternative sanction” is not defined in chapter 985, section 985.216(3) provides that "the court may immediately request the alternative sanctions coordinator to recommend the most appropriate available sanction and shall order the child to perform up to 50 hours of community-service manual labor or a similar alternative sanction....”

. In S.W., the Fifth District affirmed a suspended commitment to a moderate risk residential program as a sanction for indirect contempt under section 39.0145, Florida Statutes (Supp.1994). Section 39.0145 was renumbered as section 985.216 by chapter 97-238, Laws of Florida.