COVINGTON, Judge.
K.B. appeals the trial court order committing her to a moderate risk residential commitment program for her third adjudication of indirect criminal contempt. Because this is an inappropriate sanction, we reverse.
This court’s recent decision in K.C. v. State, 848 So.2d 1193 (Fla. 2d DCA 2003), controls. Section 985.216, Florida Statutes (2001), which sets forth punishment options for juvenile contempt, provides that “[a] child who commits direct contempt of court or indirect contempt of a valid court order may be taken into custody and ordered to serve an alternative sanction or placed in a secure facility, as authorized in this section, by order of the court.” In K.C., we held that “a residential commitment program does not fall within the definition of secure facility, nor does it qualify as an alternative sanction” under section 985.216(3). Id. at 1195.
We note that the trial court did not have the benefit of K.C., which was decided several months after the order was issued in this case.
Reversed and remanded.
SALCINES and STRINGER, JJ., Concur.