PER CURIAM.
Kent Sexton appeals an order of the lower court denying his motion to dismiss a charge of manslaughter, contending that the evidence relating to his motor-vehicle accident was insufficient to establish a pri-ma facie case of culpable negligence. We agree and reverse.
In reviewing a trial court’s ruling on a motion to dismiss an information, we are required to resolve all inferences from the facts in the light most favorable to the state. Whether the trial court ruled correctly is a question of law that is reviewed de novo. See, e.g., Wilson v. State, 744 So.2d 1237 (Fla. 1st DCA 1999); Bell v. State, 835 So.2d 392 (Fla. 2d DCA 2003).
The undisputed facts are that Sexton, age 20, had been drinking the night before the accident and then had five hours of sleep. He left his home in Newberry, Florida, at 5:45 a.m., on February 26, 2001, on his way to work in St. Augustine. Because he was running late for work, he was driving seven to ten miles per hour (m.p.h.) over the posted speed limit of 55 m.p.h. At the time of the accident, it was still dark; the weather was clear; and the two-lane road was dry. At approximately 6:25 a.m., while Sexton was driving in an easterly direction on County Road 235 in Alachua County, his truck veered across the double-yellow line into the west-bound lane and continued for about 62 feet, which took less than a second, until it struck Edwards’ truck, which was proceeding westerly. Edwards was killed instantly and Sexton suffered minor injuries. Following the accident, Sexton made inconsistent reports of what had occurred. He initially said he had fallen asleep at the wheel. Later, he informed investigators he was reaching for a cell phone just before the collision. An examination conducted nearly two hours later revealed a blood-alcohol level of .034. A half-empty bottle of whiskey was found in his truck.
Section 782.07(1), Florida Statutes (2001), proscribes the “killing of a human being by the act, procurement, or culpable negligence of another, without lawful justification.” Culpable negligence “involves a state of mind so wanton or reckless that the behavior it produces may be regarded as intentional.” Bowen v. State, 791 So.2d 44, 61 (Fla. 2d DCA 2001). It requires a showing of “negligence of such a gross and flagrant character that it evinces a reckless disregard for human life.” Id. at 61-62. Evidence of excessive speed coupled with intoxication is not sufficient to meet this standard, without more. See Filmon v. State, 336 So.2d 586 (Fla.1976); Davison v. State, 688 So.2d 338 (Fla. 1st DCA 1996).
Here, Sexton was not shown to be intoxicated; his speed did not greatly exceed the posted limit; and while his crossing of the center line into oncoming traffic was evidence of negligence or recklessness, which resulted in the death of another person, this combination of facts does not establish willful or wanton misconduct, or describe behavior that was so gross and flagrant as to render it likely that his driving would cause the death of another. *1189-1191 See, e.g., Miller v. State, 75 So.2d 312 (Fla.1954) (reversing conviction for manslaughter, holding that defendant’s decision to attempt to pass without sufficient distance was an error of judgment, rather than culpable and wanton misconduct); W.E.B. v. State, 553 So.2d 323 (Fla. 1st DCA 1989) (overturning an adjudication of delinquency for vehicular. homicide based upon evidence that the juvenile had consumed alcohol and was exceeding the speed limit when he drove onto the shoulder of the road and then overcorrected).
Based upon the undisputed facts recited above, the trial court erred by denying Sexton’s motion to dismiss the charge of manslaughter. We REVERSE and REMAND for further proceedings.'
ERVIN, KAHN and BENTON, JJ., concur.