THOMPSON, J.
Petitioner, C.D.T., a juvenile, seeks a writ of habeas corpus, contending that he is being unlawfully detained in secure detention despite a Risk Assessment Instrument (“RAI”) score of zero and that he does not meet the requisites for secure detention. See § 985.213, Fla. Stat. (2005). We agree and grant the petition.
C.D.T. was arrested 9 February 2006 for a violation of probation (<fVOP”). He was released into home detention and scheduled to appear for a detention hearing on 10 February, pursuant to section 985.215(2)©. At the hearing, the trial court became concerned with C.D.T.’s recurring and escalating violent patterns toward teachers and other authority figures and, thus, placed him in secure detention pending his VOP hearing set for 23 February 2006. However, the trial court did not articulate reasons, let alone any clear and convincing written reasons, in its detention order for C.D.T.’s more restrictive placement. In its response, the State related that the court was concerned with pending unfiled charges against C.D.T., but acknowledged the trial court did not enter written reasons for the departure even though C.D.T.’s lawyer objected to the placement without written reasons. Florida statutes require the court to provide written reasons if the court selects a more restrictive placement than indicated by the RAI. See § 985.215(2)© (“If the court orders a placement more restrictive than indicated by the results of the risk assessment instrument, the court shall state, in writing, clear and convincing reasons for such placement.”) See also K.M. v. Department of Juvenile Justice, 898 So.2d 1193 (Fla. 1st DCA 2005); M.P. v. Gardner, 888 So.2d 711 (Fla. 4th DCA 2003).
Accordingly, the petition for writ of ha-beas corpus is hereby granted and Petitioner shall be released immediately from secure detention. See D.B. v. State, 848 So.2d 1219 (Fla. 3d DCA 2003) (ordering a child released from home detention when the trial judge did not enter written reasons why it did not comply with RAI placement recommendation). See also R.G. v. State, 817 So.2d 1019 (Fla. 3d DCA 2002) (granting writ of habeas corpus when child was detained and no RAI was prepared.) As in D.B., the trial court in the instant case may revisit the issue if it decides there is a basis to do so. See id.
Petition GRANTED.
PALMER and MONACO, JJ., concur.