ORFINGER, J.
T.D.S., a juvenile, petitions for a writ of habeas corpus, contending that he is being unlawfully detained in secure detention despite a risk assessment instrument (RAI) score of zero, and that he does not otherwise satisfy the requisites for secure detention. See §§ 985.213-.215, Fla. Stat. (2005). We agree and grant the petition.
T.D.S. was arrested on February 14, 2006. He was already on probation for three misdemeanor crimes and violated his probation by using drugs, skipping school, and committing the new law violation of resisting arrest without violence. Pursuant to section 985.215(2), the trial court held a detention hearing the next day. At *347 the hearing, the trial court expressed its concern “about his continuing criminal behavior” and placed T.D.S. in secure detention pending his VOP and adjudicatory hearing set for March 1, 2006. However, the trial court did not articulate reasons, let alone any clear and convincing written reasons, in its detention order for T.D.S.’s more restrictive placement.
Florida law requires the trial court to provide written reasons if it selects a more restrictive placement than that indicated by the RAI. See § 985.215(2), Fla. Stat. (2005) (“If the court orders a placement more restrictive than indicated by the results of the risk assessment instrument, the court shall state, in writing, clear and convincing reasons for such placement.”); see also M.P. v. Gardner, 838 So.2d 711, 713 (Fla. 4th DCA 2003) (denominating that part of § 985.215(2) as “the departure provision”).
Section 985.215(2)(a)-(j) provides numerous exceptions that allow a child to be detained, none of which appear to apply here. T.D.S.’s violations of probation are addressed in section 985.215(2)(h):
(2) Subject to the provisions of subsection (1), a child taken into custody and placed into nonsecure or home detention care or detained in secure detention care prior to a detention hearing may continue to be detained by the court if:
[[Image here]]
(h) The child is alleged to have violated the conditions of the child’s probation or conditional release supervision. However, a child detained under this paragraph may be held only in a consequence unit as provided in s. 985.231(l)(a)l.c. If a consequence unit is not available, the child shall be placed on home detention with electronic monitoring.
§ 985.215(2)(h), Fla. Stat. (2005).
According to the RAI in this case, no consequence unit is available. That leaves home detention with electronic monitoring. We sympathize with the trial judge’s frustration that there often seems to be no consequences for violations of probation in the juvenile system, as well as the fact that there are very limited choices for placement of non-compliant offenders in such circumstances. However, anticipating just this scenario, the Legislature provided in section 985.214(l)(d) that a court is prohibited from placing a child in secure detention care “[d]ue to a lack of more appropriate facilities.”
In its response, the State recognizes that the trial court is required to provide written reasons for overriding the detention status determined appropriate by the RAI, but asserts that the petition should not be granted. The State maintains that this Court should follow K.M. v. Department of Juvenile Justice, 898 So.2d 1193, 1194 (Fla. 1st DCA 2005), and require the trial judge to either enter a written order per section 985.215(2), or order T.D.S.’s release from secure detention within a short period of time. This Court has decided not to take that path. See C.D.T. v. State, 920 So.2d 787 (Fla. 5th DCA 2006).
Accordingly, the petition for writ of ha-beas corpus is hereby granted, and T.D.S. shall be released immediately from secure detention. See D.B. v. State, 848 So.2d 1219 (Fla. 3d DCA 2003) (releasing child from home detention when judge did not enter written reasons why it did not comply with RAI recommendation); R.G. v. State, 817 So.2d 1019 (Fla. 3d DCA 2002) (granting writ of habeas corpus when child was detained and no RAI was prepared). As in D.B. and C.D.T., the trial court in *348 the present case may revisit the issue if it decides there is a basis to do so.
PETITION GRANTED.
PALMER and MONACO, JJ., concur.