PER CURIAM.
C.N.W., a juvenile, petitions this court for a writ of habeas corpus, alleging that she is being detained in secure detention in contravention of the statutory law of this state. We agree and grant the petition.
C.N.W. was arrested on a charge of domestic violence battery upon her mother. The following day, a detention hearing was held pursuant to section 985.215(2), Florida Statutes (2005), and the trial court scored the Risk Assessment Instrument (RAI) at twelve points, authorizing secure detention. The court also heard testimony relating to C.N.W.’s “severe” drug problem, the fact that she had plans to run away to New York, and the mother’s fear that C.N.W. would cause her further injury. The court found that C.N.W. was a flight risk and a threat to herself and the community, and ordered her to be held in secure detention until the adjudicatory hearing. See § 985.215(5)(e), Fla. Stat. Since the RAI authorized secure detention, no written findings were made by the trial court in this case, although based on the statements made by the court, there was ample material the court could have drawn on to find that secure detention was necessary. See Wood v. State, 655 So.2d 1155 (Fla. 5th DCA 1995).
According to petitioner, the trial court erred in its scoring points on the RAI for absconding from her home. In response to the petition, the state correctly concedes that her argument on that issue is well-taken. See M.D. v. State, 923 So.2d 556 (Fla. 5th DCA 2006); T.D.S. v. State, 922 So.2d 346 (Fla. 5th DCA 2006); C.D.T. v. State, 920 So.2d 787 (Fla. 5th DCA 2006). However, the state asserts that the remedy is not necessarily to release the petitioner because the case can be remanded with the option of making written findings under sections 985.213(2)(b)3., and 985.215(2)(d). This would comport with the intent of section 985.213(1)(a), (b), Florida Statutes (2005). See K.M. v. Department of Juvenile Justice, 898 So.2d 1193 (Fla. 1st DCA 2005).
We conclude the petition must be granted. The case is remanded and the trial court is hereby ordered to either comply with those statutes or order petitioner’s release. In the absence of a statutory directive that failure to comply with those statutes at the detention hearing cannot be cured at a later time, we agree with the state as to the remedy., See K.M., 898 So.2d at 1194; see also M.D., 923 So.2d at 556-57; T.D.S., 922 So.2d at 348; and C.D.T., 920 So.2d at 788 (all granting relief because of a lack of written findings but holding that the trial court could revisit the issue if it decided that there was a basis to do so).
To ensure that the duration of any improper detention is kept to a minimum, the trial court shall either enter a written order in accordance with sections 985.213(2)(b)3., and 985.215(2)(d), or order C.N.W.’s release from secure detention by 5 o’clock p.m. on the second business day that follows the date of this opinion.
PETITION GRANTED; CAUSE REMANDED.
THOMPSON, SAWAYA, and TORPY, JJ., concur.