938 So.2d 584 (2006)
Z.B., a child, Petitioner,
v.
DEPARTMENT OF JUVENILE JUSTICE, Respondent.
Case No. 1D06-3988.
District Court of Appeal of Florida, First District.
Opinion filed September 27, 2006.
Nancy Daniels, Public Defender; John W. Hedrick and Nancy L. Harvey, Assistant Public Defenders, Tallahassee, for Petitioners.
Charlie Crist, Attorney General, and Philip W. Edwards, Assistant Attorney General, Tallahassee, for Respondent.
PER CURIAM.
We previously granted petitioners' requests for habeas corpus relief and ordered them to be released from secure detention. We have consolidated these cases to explain our reasoning.
Petitioners were arrested separately and individually detained on allegations of violating probation. According to the VOP affidavit, Z.B. had violated his curfew and had twice stayed out all night. The risk assessment instrument (RAI) prepared by the Department of Juvenile Justice (DJJ) alleged that Z.B. was an absconder and he scored 11 points, which provided for nonsecure or home detention. As to G.T., the VOP affidavit alleged that he had not completed community service, failed to write an essay and his attendance in a program was unsatisfactory. The RAI did not allege that G.T. was an absconder. G.T.'s corrected RAI scored a total of 3 points, which provided for the juvenile to be released from custody.
No sworn testimony was presented at either detention hearing. Z.B. argued that he had merely violated curfew and was not an absconder. The Assistant State Attorney argued that Z.B.'s RAI score should include 10 points for absconding. As to G.T., the Assistant State Attorney recommended that G.T. be placed in home detention. The trial judge indicated that it was "ridiculous" that G.T.'s alleged probation violations did not constitute new law offenses.[1] G.T.'s mother objected to his release to home detention because "he was not following the rules." The trial court found that G.T. had absconded from probation and, because he had failed to appear at his VOP arraignment, that he "presented a significant risk of failing to appear at subsequent hearings." Both petitioners were ordered to be held in secure detention. Without the additional 10 points for absconding, neither petitioners' RAI scores would have made them eligible for secure detention.
Petitioners sought habeas corpus relief in this court. They argued that they did not meet the definition of absconding set forth in DJJ's Probation and Community Correction Handbook which defines absconding as "gone in a clandestine manner out of the jurisdiction of the courts in order to avoid legal process" or to "hide, conceal or absent himself clandestinely with the intent to avoid legal processes."
DJJ filed a response in opposition arguing that a trial court may detain a juvenile in secure detention if the juvenile is alleged to be an absconder from probation. See § 985.215(2)(a), Fla. Stat. (2005); D.H. v. Esteves, 790 So. 2d 1275 (Fla. 4th DCA 2001). DJJ stated that the juvenile statutes do not define absconder, but cited to T.C. v. Layne, 725 So. 2d 1278 (Fla. 4th DCA 1999), where the court upheld a juvenile's secure detention upon a finding that leaving home-based supervision overnight without permission was absconding.
Our analysis starts with the oft cited observation that the power to place in detention those charged with or found to have committed a delinquent act is entirely statutory. See S.W. v. Woolsey, 673 So. 2d 152, 154 (Fla. 1st DCA 1996). Therefore, strict compliance with the statute is required. W.C. v. Smith, 898 So. 2d 1137, 1138 (Fla. 1st DCA 2005). If the statute fails to authorize secure detention, a juvenile cannot be so held. Under section 985.213(2)(a), all detention determinations shall comply with all requirements and criteria provided in that part of chapter 985 and shall be based on a risk assessment of the child. The purpose of the RAI is to determine whether "pretrial" detention would be appropriate for a given juvenile. C.R.C. v. Portesy, 731 So. 2d 770, 771 (Fla. 2d DCA 1999). If a juvenile qualifies for detention under the "admission criteria" of the RAI and section 985.215(2)(a)-(j), the inquiry then proceeds to tallying of points for various factors to yield a "risk assessment." The RAI score must establish a need for detention.
Section 985.215(2)(a) does authorize detention for a child alleged to be an escapee or absconder from a probation program. However, it appears that although petitioners may have violated the curfew condition of their probation, petitioners cannot be considered "absconders" because they voluntarily returned to their approved residences. Petitioners do not meet DJJ's Handbook's definition of an absconder. There was no evidence presented that either petitioner was "gone in a clandestine manner out of the jurisdiction of the courts in order to avoid legal process" or to "hide, conceal or absent himself clandestinely with the intent to avoid legal processes." Chapter 985 does not define the term "abscond," nor does there appear to be any juvenile case law defining the term. Black's Law Dictionary 7 (8th ed. 2004) defines abscond as to "depart secretly or suddenly, especially to avoid arrest, prosecution, or service of process," or "to leave a place, usually hurriedly, with another's money or property." The Interstate Compact on Juveniles, codified in Chapter 985, Part V, makes several references to juveniles who have "absconded, escaped or run away,"[2] which suggests a leaving without the intent to return. In K.C. v. State, 848 So. 2d 1193 (Fla. 2d DCA 2003), the juvenile was charged with violating probation by absconding from her residence in September 2001 and remaining at large until May 2002. K.C. appeared in court, but then again absconded in July 2002, leaving her whereabouts unknown and was noted to be on "runaway status" before she was ultimately taken into custody. Id. at 1194. In K.S. v. State, 835 So. 2d 350, 351 (Fla. 4th DCA 2003), the juvenile was alleged to have absconded from her residence and the court found that she left home for extended periods of time in the company of older men. Finally, there are cases in which juveniles have been charged with both violating curfew and absconding, which suggests that curfew violations and absconding are not the same offense. See, e.g., K.G. v. State, 759 So. 2d 752, 753 (Fla. 4th DCA 2000) (violation of aftercare affidavit alleged that juvenile had violated by leaving home without permission, disobeying curfew and absconding from aftercare program); Dep't of Health & Rehab. Servs. ex rel. M.H. v. State, 447 So. 2d 359, 360 (Fla. 1st DCA 1984) (finding a violation of community control where juvenile failed to abide by a curfew and absconded).
DJJ relies on T.C., where the juvenile was found to have "absconded" when she left her home-based supervision overnight without permission. Unlike the petitioners in these cases, T.C. did not return voluntarily and instead was arrested for trespass when she was found sleeping in a vacant house. Here, although both petitioners had violated their curfew, they returned home each time. In addition, although the trial court found that G.T. failed to appear for the VOP arraignment, section 985.215(2)(i) limits holding a child in secure detention for such an offense to a maximum of 72 hours in advance of the next scheduled court hearing. Section 985.215(2)(j) provides that a child may be placed in detention if he is detained on a judicial order for failure to appear and has previously willfully failed to appear at two or more court hearings of any nature on the same case regardless of the results of the RAI. Here, G.T. was alleged to have missed only one court hearing and he stated that he missed the hearing because he was at work. The fact that G.T.'s mother objected to his release to home detention is not a basis for holding the child in secure detention. Section 985.214 specifically provides that a child may not be placed into detention to "allow a parent to avoid his or her legal responsibility."
Finally, we note that there are legal consequences for a juvenile who has violated probation. Section 985.215(2)(h) provides that a child alleged to have violated probation may be placed in a consequence unit and, if a consequence unit is not available, the child shall be placed on home detention with electronic monitoring. After a probation revocation hearing, if the court finds that the child has violated the conditions of probation, the court may impose any of the sanctions set forth in section 985.231, and may also impose any sanction it could have imposed at the original disposition hearing. § 985.231(1)(a)1.c., Fla. Stat. (2005).
WOLF, VAN NORTWICK, and BROWNING, JJ.,CONCUR.
NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING AND DISPOSITION THEREOF IF FILED.
NOTES
[1] A violation of probation does not automatically constitute a new law violation. Clearly, G.T.'s failure to perform community service, write an essay or attend a program are not criminal offenses under the Florida Statutes.
[2] See §§ 985.501(1)(a) and 985.502, Fla. Stat. (2005).