952 So.2d 1229 (2007)
K.P., a Child, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D07-749.
District Court of Appeal of Florida, Fifth District.
March 30, 2007.
*1230 James R. Russo, Public Defender, and Raylene Coe, Assistant Public Defender, Viera, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, and Carlos A. Ivanor, Jr., Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
In this juvenile proceeding, petitioner K.P. seeks from this court a writ of habeas corpus challenging an order of secure detention. Though it appears from the face of the order that he will already have been released from the fifteen-day secure detention that the trial court ordered, we consider it an issue capable of repetition and tending to evade review,[1] so we will address it.
K.P. was originally placed on probation for the charge of possession of less than twenty grams of cannabis. He was later charged with violating probation. The January 20, 2007, risk assessment instrument for K.P. reflected a score of only three points, less than the score required for secure detention.
The trial court conducted a hearing on the alleged violation on February 23, 2007. The trial court found that K.P. had a serious drug problem and had admitted to using marijuana and cocaine on a daily basis, as confirmed by previous positive tests while on probation. The court also found that K.P., who is seventeen years old, had failed to attend school since the eighth grade and is a chronic truant. At the conclusion of the hearing, the trial court issued its disposition order revoking K.P.'s probation, adjudicating him delinquent, and committing him to a moderate risk program. The court also ordered that he be held in secure detention for fifteen days before being placed indefinitely in home detention while awaiting placement into a moderate risk program.
In the instant petition, K.P. argues that the trial court erred in placing him in secure detention. Initially, he points out that under section 985.245(1), Florida Statutes (2007): "All determinations and court orders regarding placement of a child into detention care . . . shall be based on a risk assessment of the child." Additionally, section 985.27(1)(b), Florida Statutes (2007), which pertains specifically to postcommitment detention, provides, "A child *1231 who is awaiting placement in a moderaterisk residential program must be removed from detention within 5 days. . . . Any child held in secure detention during the 5 days must meet detention admission criteria under this part." See also C.D.T. v. State, 920 So.2d 787 (Fla. 5th DCA 2006).
K.P. additionally asserts that the trial court lacked the discretion to order an adjudicated juvenile awaiting placement to a moderate risk commitment facility to be held in secure detention for more than the 5 days contemplated by section 985.27(1)(b) without a motion from the Department of Juvenile Justice based on specific information that a placement is imminent. See J.M. v. State, 705 So.2d 98, 99 (Fla. 5th DCA 1998) ("[A] court may only extend detention beyond 5 days pending a juvenile's placement in a moderate risk facility if the department shows that it is necessary for placement purposes.").
Although the trial court may have had meritorious reasons for keeping K.P. in secure detention for five days regardless of the recommendation of the risk assessment instrument, as the State properly concedes, the trial court failed to state clear and convincing reasons for a more restrictive placement, as required under section 985.255(3)(b), Florida Statutes (2007). See C.D.T.; see also §§ 985.245(1), .27(1)(b), Fla. Stat. (2007). And, as the State additionally concedes, the Department did not request that secure detention be extended an additional ten days beyond the original five days. See J.M. Consequently, K.P. would have been entitled to habeas corpus relief from the February 23, 2007, secure detention order. Because, however, by its terms, the order has expired, the petition is denied as moot.[2]
PETITION DENIED.
PLEUS, C.J., GRIFFIN and THOMPSON, JJ., concur.
NOTES
[1] See A.W. v. State, 711 So.2d 598 (Fla. 5th DCA 1998).
[2] We note that the trial court's detention order was entered on February 23, 2007, but the habeas corpus petition was not received by this court until March 6, 2007, some eleven days later. This court's show cause order was issued on the same date, with the attorney general being ordered to respond by 12:00 noon, Friday, March 9, 2007. Though the attorney general's response was received some four hours late by this court at 4:10 p.m., it would seem that any delay in the instant case was attributable to K.P., not the attorney general.