PER CURIAM.
R.A.P., a juvenile who was charged with violating his probation without committing a new law offense, petitioned this court for a writ of habeas corpus, arguing that secure detention is not authorized in this circumstance. We agreed and ordered his release. We now publish this opinion to set forth our reasoning.
Petitioner was found to be delinquent and was committed to a term in a moderate risk program to be followed by probation. After the probation commenced, the Gainesville Police Department filed an affidavit which alleged that petitioner had violated a curfew provision in the probation order. He was placed in secure detention until a hearing could be held to determine whether probation had been violated. A risk assessment instrument (RAI) prepared at the time, when corrected, scored 9 points, 3 less than the 12 points required for secure detention. The circuit judge at first ordered secure detention as a punishment for violating probation and later aggravated the RAI an additional three points. He rejected the arguments of defense counsel that secure detention was not authorized.
Our starting point is the well-established principle that secure detention can only be ordered when authorized by statute. Z.B. v. Department of Juvenile Justice, 938 So.2d 584 (Fla. 1st DCA 2006). Juvenile detention determinations involve a two-step process. If a juvenile qualifies for detention under the “admission criteria” of the RAJ and subsections 985.255(l)(a) through (j), Florida Statutes, the inquiry proceeds to the tallying of points for various factors to yield a “risk assessment,” and the RAI score must establish a need for detention. Among the admission criteria set forth in subsections 985.255(l)(a) through (j), the only one applicable to petitioner is (h) which authorizes detention if a child is alleged to have violated the conditions of probation. However, that subsection limits the form of detention that may be imposed by providing that “a child detained under this paragraph may be held only in a consequence unit,” and “if a consequence unit is not available, the child shall be placed on home detention with electronic monitoring.” While petitioner qualified for detention to the extent it is alleged he violated the conditions of his probation, the most restrictive forms of detention which could lawfully be imposed under the circumstances were placement in a consequence unit or home detention with electronic monitoring. Although section 985.255(3) (b) allows a placement more restrictive than that indicated by the RAI if supported by a written statement of clear and convincing reasons, this does not authorize the court to impose a form of detention more restrictive than the “statutory maximum” in this situation. Thus, secure detention was not authorized under these facts.
*416 It must be noted that our holding is limited to situations where the alleged violation of probation does not constitute a new law offense. When there is a new crime alleged as the violation of probation, proceedings are governed by section 985.245(4), Florida Statutes. We also do not restrict the court’s contempt power set forth in section 985.037, Florida Statutes.
Finally, we address the problem arising in this ease where neither a consequence unit nor electronic monitoring for home detention, the two forms of detention prescribed by section 985.255(l)(h), Florida Statutes, is available within the court’s geographic jurisdiction. In that circumstance only a less restrictive form of detention, such as home detention, is permissible.
PETITION GRANTED.
BARFIELD, ALLEN, and THOMAS, JJ., concur.