22 So.3d 130 (2009)
R.J.L, a Child, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D09-3846.
District Court of Appeal of Florida, Fifth District.
November 13, 2009.
M. Diane Checchio, Winter Springs, for Petitioner.
Bill McCollum, Attorney General, Tallahassee and, Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Respondent.
PER CURIAM.
R.J.L., a juvenile, petitioned this court for habeas corpus relief. Petitioner asserted, and the State agreed, that the petitioner *131 was entitled to release from secure detention. In light of the parties' factual assertions, this court agreed and granted the writ by earlier order, with this opinion to follow.
Although no transcript of the proceeding below was provided, it was unrefuted that the juvenile petitioner was first placed in "home detention" in case nos. CJ001722A and CJ001443A, on Oct. 10, 2009. Subsequently, Petitioner was charged with a new law violation in case no. CJ001905A for disorderly conduct, and a detention hearing was held in all three cases on Oct. 22nd. That hearing resulted in secure detention being ordered by the trial court, without any explanation for such detention. The child scored "zero" on the detention risk assessment instrument prepared by the Department of Juvenile Justice. Florida Statute Section 985.255(3)(b) states, "[i]f the court orders a placement more restrictive than indicated by the results of the risk assessment instrument, the court shall state, in writing, clear and convincing reasons for such placement." No such findings were made in this case, in violation of the statute.
Accordingly, the writ of habeas corpus is granted, with the Petitioner ordered to be immediately released from secure detention and returned to "home detention." The trial court shall be permitted an opportunity to revisit the issue of detention if there is a basis for doing so. See T.D.S. v. State, 922 So.2d 346, 347 (Fla. 5th DCA 2006).
PETITION GRANTED.
J. GRIFFIN, LAWSON and JACOBUS, JJ. concur.