PER CURIAM.
J.J., a juvenile, petitioned this Court for a writ of habeas corpus to release her from secure detention. The State responded, agreeing that this Court should grant the petition. Thereafter, the trial court entered an order authorizing J.J.’s immediate release. Thus, this petition is now moot so we dismiss the petition.
Because the parties contend that the situation herein has arisen before and may reoccur, we write briefly to explain why *296 J.J.’s detention was improper. As this Court stated in B.M. v. Dobuler, 979 So.2d 308 (Fla. 3d DCA 2008), a child’s secure detention must follow strict statutory criteria. Section 985.24(2)(b), Florida Statutes (2009), prohibits detaining a child to permit administrative access to the child.
Here, at a juvenile status conference, the tidal court was informed that J.J., who is a 12-year-old dependent child, continually runs away from her foster homes and school. Her guardian and school principal were concerned for her safety and well-being. They indicated that J.J. needs medical and dental examinations, psycho-educational testing to determine appropriate school placement, and a psychiatric evaluation. However, J.J.’s conduct makes undergoing these examinations a problem. With the best of intentions, and in an effort to do what is in J.J.’s best interest, the trial court ordered her secure detention.
Although we sympathize with the trial court’s motive, i.e. getting J.J. to stay in one place long enough to get her the help she needs, detention is not authorized under these circumstances. Accordingly, we dismiss the petition.
Petition dismissed.