39 So.3d 559 (2010)
T.M., a child, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D10-2938.
District Court of Appeal of Florida, Fourth District.
July 22, 2010.
Diamond Litty, Public Defender, and Usha Maharajh, Assistant Public Defender, Stuart, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Diane F. Medley, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
T.M., a child, petitions this court for a writ of habeas corpus, alleging that he has been illegally detained in secure detention. T.M. takes issue with the court's finding that he is an "absconder." See § 985.255(1)(a), Fla. Stat. (2009). We grant the petition having reviewed the record as well as the third district's decision in B.M. v. Dobuler, 979 So.2d 308 (Fla. 3d DCA 2008).
As this court has recognized, the detention of juveniles in Florida is governed entirely by statute. M.P. v. Gardner, 838 So.2d 711, 712 (Fla. 4th DCA 2003); J.J. v. Fryer, 765 So.2d 260, 263 (Fla. 4th DCA 2000). The relevant statutes do not define the term "absconder." See § 985.03, Fla. Stat. (2009). We are persuaded by the third district's analysis of the Florida Department and Juvenile Justice's Probation & Community Corrections Handbook and its criteria for classifying a child as an "absconder" when completing a risk assessment instrument for that child.[1] The criteria suggest there must be a "clandestine" absence with intent to avoid the legal process. 979 So.2d at 314-15. Nothing in this record indicates that T.M.'s conduct in leaving guardian's house was done with an intent to avoid the legal process.
We remand this case to the trial court to conduct a hearing within 24 hours on the petition alleging a violation of a probation program. After such hearing, the trial court may consider the remedies set forth in section 985.439, Florida Statutes (2009), including whether the juvenile should be released.
Petition granted.
MAY, CIKLIN and GERBER, JJ., concur.
NOTES
[1] We recognize that in T.C. v. Layne, 725 So.2d 1278 (Fla. 4th DCA 1999), this court affirmed a secure detention order that involved an alleged "escapee or absconder." As B.M. pointed out, this court did not address whether the juvenile was properly characterized as either, since the issue was not raised. The sole issue concerned whether the juvenile escaped or absconded from a "community control program." More specifically, the issue was whether the juvenile's approved residence, her home, could be considered a "community control program." 725 So.2d at 1279-80. This court declined to draw a distinction between the term "community control" and "community control program."