PER CURIAM.
Contending that they were unlawfully ordered to secure detention pending their adjudicatory hearings in juvenile delinquency matters, K.N.W. and A.F.R. separately petitioned for habeas corpus relief. We earlier denied their petitions by unpublished order, and now consolidate their cases for purposes of this opinion explaining the basis for our rulings.
After being arrested, petitioners appeared before the circuit court for detention hearings. Detention risk assessment instruments were prepared for each, but neither reached the 12-point threshold necessary to qualify for secure detention. The circuit court nonetheless ordered that both petitioners be held in secure detention, briefly stating on the record its reasons for doing so. In each case, defense counsel “objeet[ed] for the record,” but did not state any specific objection to the circuit court’s ruling. Petitioners then sought relief from this court, arguing that their detention was illegal because the circuit court failed to comply with section 985.255(3)(b), which requires the court to “state, in writing, clear and convincing reasons” for ordering a detention placement more restrictive than that indicated by the risk assessment instrument. Both petitioners further argued that even if the reasons orally pronounced had been reduced to writing, they were insufficient to justify secure detention.
In T.L.W. v. Soud, 645 So.2d 1101 (Fla. 1st DCA 1994), we announced that before seeking relief in this court by petition for writ of habeas corpus, a juvenile challenging his or her secure detention is required to first present arguments in favor of release to the trial court. We explained that doing so serves the dual purpose of permitting the trial court to first consider the claims for relief while also providing this court with a record of the parties’ arguments and the trial court’s disposition thereof. We further noted that although the rush of trial court proceedings may preclude counsel from adequately articulating arguments of this nature during the detention hearing, Florida Rule of Juvenile Procedure 8.130 authorizes further trial court consideration through a motion for rehearing, and we expressly approved the use of such a motion to permit the trial court to first consider a claim that secure detention is contrary to law.
In these cases, defense counsel’s general objections did not alert the trial court to the need for written departure orders, and the absence of such orders is clearly a matter that could have been remedied through either a timely objection or a motion for rehearing. Likewise, the objections interposed by counsel did not articulate any argument supporting the conclusion that the orally pronounced reasons of the trial court, even if reduced to writing, were insufficient to justify secure detention. The absence of specific objections of this sort deprived the trial court of the opportunity to correct any error or procedural deficiency, and as well prevented the creation of an adequate record for this court’s review.
Accordingly, we take this opportunity to reiterate and reinforce the exhaustion requirement recognized in T.L.W. We deem it appropriate to add that although T.L.W. imposes this requirement on counsel for the juvenile as a precondition to seeking habeas relief in this court, counsel for the state also has a duty to ensure that detention decisions comport *366 with the law. As this court and others have repeatedly observed, the power to order detention for those charged with or found to have committed a delinquent act is entirely statutory in nature, and strict compliance with the applicable statutes is therefore required. See, e.g., W.C. v. Smith, 898 So.2d 1187 (Fla. 1st DCA 2005). The obligation to ensure that this power is properly exercised rests with the trial court, but as officers of the court, counsel for both parties have a duty, where warranted, to call the trial court’s attention to the requirements of the statutes governing juvenile detention.
WOLF, KAHN, and THOMAS, JJ., concur.