PER CURIAM.
 

 T.K.B., a child, petitioned this court for a writ of habeas corpus to challenge the validity of her secure detention, pending the outcome of a juvenile delinquency proceeding. We granted the petition in an unpublished order and directed that respondent release the child. By this opinion, we now state the reasons for granting relief.
 

 Petitioner entered a guilty plea to resisting an officer without violence, a misdemeanor. The child was placed on home detention care, but failed to appear at the adjudication hearing and a custody order issued. The child was later detained and placed in secure detention to await the adjudication hearing.
 

 An order detaining a child in the custody of the state pending a juvenile delinquency hearing must comply with the statutes au
 
 *62
 
 thorizing juvenile detention.
 
 See R.W. v. Soud,
 
 639 So.2d 25 (Fla.1994). Section 985.24, Florida Statutes, provides that a child may be detained only for the specific reasons given in the statute. Additionally, section 985.245 states that, in the absence of a specific statutory exception, an order placing a child in detention “shall be based on a risk assessment of the child.” The risk assessment is done uniformly throughout the state on a standardized document known as a Risk Assessment Instrument (“RAI”).
 

 Juvenile detention determinations involve a two-step process. If a juvenile qualifies for detention under the “admission criteria” of the RAI and subsections 985.255(l)(a) through (j), the inquiry proceeds to the tallying of points for various factors to yield a “risk assessment,” and the RAI score must establish a need for detention.
 
 R.A.P. v.
 
 Parkins, 994 So.2d 414, 415 (Fla. 1st DCA 2008). According to the criteria set by the RAI, a child who has a score of twelve or more points qualifies for secure detention, a child who has a score of seven to eleven points qualifies for home detention, and a child who scores below seven points does not qualify for any form of detention. The Department of Juvenile Justice (“DJJ”) scored petitioner’s RAI at 22 points, including ten points for absconding, one point for the pending misdemeanor and three points for “aggravation.”
 

 Although the pre-disposition report recommended probation, the state objected contending that petitioner was at high risk to reoffend because she had a history of running away from home. The circuit court continued petitioner’s detention for almost a month while awaiting a new predisposition report. Petitioner’s parents refused to pick her up from detention and the circuit court found that there were no other viable options for her placement.
 

 Section 985.255(1) provides that a child placed on home detention may continue to be detained if the child is alleged to be an escapee from a nonresidential commitment program, a probation program or conditional release supervision. At that point the child is eligible for secure detention. Nothing in the statute provides for secure detention for absconding from any situation other than those three programs.
 

 Section 985.03 does not define the term “abscond.” Black’s Law Dictionary (9th ed. 2009), defines “abscond” as to “depart secretly or suddenly, especially to avoid arrest, prosecution, or service of process,” or “to leave a place, usually hurriedly, with another’s money or property.” DJJ has adopted rule 63D-10.004(5), Florida Administrative Code, which states that absconding
 

 occurs when a supervised youth goes in a clandestine manner out of the jurisdiction of the court in order to avoid the legal process, or when the youth hides, conceals, or absents himself or herself with the intent to avoid the legal process. Mere absence or not appearing for appointments is not absconding, but may constitute a technical violation of supervision.
 

 The rule further provides that within one working day after determining that the youth has absconded, the Juvenile Probation Officer shall file with the court an Affidavit for An Order to Take Into Custody and an Affidavit/Petition for Violation of Probation. No such affidavits were filed in this case.
 

 Rule 63D-10.004(5) includes a statement that a “youth reported by parent(s)/guardian(s) to have run away is considered an absconder.” However, this definition of “absconding” to mean “run away” does not appear in the statute. As this court has repeatedly held, the power
 
 *63
 
 to place juveniles charged with a delinquent act in detention is entirely statutory in nature. S.W.
 
 v. Woolsey,
 
 673 So.2d 152, 154 (Fla. 1st DCA 1996). Therefore, strict compliance with the statute is required.
 
 W.C. v. Smith,
 
 898 So.2d 1187, 1138 (Fla. 1st DCA 2005).
 

 In addition to the improper score of ten points for absconding, DJJ erroneously scored one point for the pending misdemeanor, which was not a separate offense. Nor were the three points for “aggravation” supported by the record. Subtracting those fourteen points improperly included in the RAI, petitioner correctly scored eight points, which did not qualify her for secure detention.
 

 The circuit court is strictly prohibited from ordering detention because of a lack of a better alternative. § 985.24(2)(d). Detention because of concern for the child’s well-being is not authorized.
 
 J.J. v. State,
 
 31 So.3d 295 (Fla. 3d DCA 2010). Nor is detention authorized where a parent expresses fear that the child might run away, take drugs or engage in sexual activity.
 
 K.E. v. Dep’t of Juvenile Justice,
 
 963 So.2d 864, 867 (Fla. 1st DCA 2007).
 

 Finally, we note that this is the eighteenth juvenile habeas petition this court has considered from Duval County in the last thirteen months. Ten of the petitions have been granted, three petitions have been denied on the merits and the remaining cases were dismissed as moot. This is an inefficient use of limited judicial resources, especially where the rule of law is clear: if the statute fails to authorize secure detention, a juvenile cannot be so held.
 
 Z.B. v. Dep’t of Juvenile Justice,
 
 938 So.2d 584, 585 (Fla. 1st DCA 2006). In a similar circumstance, this court noted that
 

 Juvenile detention is a matter that is controlled by legislation. It is not for us, as judges, to question the wisdom of the legislation. Rather, our task is simply to carry it out. Section 985.255 establishes the criteria for detaining a child, pending the outcome of a juvenile delinquency case. A decision to detain a child must be made according to the statutory criteria.
 

 K.E.,
 
 963 So.2d at 868.
 

 PETITION GRANTED.
 

 DAVIS, VAN NORTWICK, and CLARK, JJ., concur.