PER CURIAM.
 

 D.F., a child, petitions this court for a writ of habeas corpus, seeking release from secure detention, which he argues the St. Lucie circuit court ordered without sufficient written findings. We grant the petition.
 

 D.F. was arrested on a charge of assault with intent to do violence when, in the presence of law enforcement, he threatened to punch his grandmother in the mouth. He scored only one point on his Risk Assessment Instrument (RAI), but because his offense was one of domestic violence, he was ordered held in secure detention for twenty-one days at his initial detention hearing on May 7, 2009.
 
 See
 
 § 985.255(2), Fla. Stat. (2008). At the hearing, his grandmother, who is his custodial guardian, testified to a specific fear that he would hurt either her or a member of her household if he were released home, and that there was no available respite care. At a review hearing on May 11, the trial court heard evidence and made oral findings of fact that the victim still had a legitimate fear of additional violence if the child were released back home, and, despite the evidence of possible respite care presented by the child, that no legitimate respite care was available.
 

 A child may not be held in any kind of detention care unless the same is authorized by statute.
 
 See J.J. v. Fryer,
 
 765 So.2d 260, 263 (Fla. 4th DCA 2000). We conclude that the trial court’s oral findings were supported by competent substantial evidence. However, the statute that applies to this situation, section 985.255(2), Florida Statutes (2008), requires written findings:
 

 (2) A child who is charged with committing an offense of domestic violence as defined in s. 741.28 and who does not meet detention criteria may be held in secure detention if the court makes specific written findings that:
 

 (a) Respite care for the child is not available.
 

 (b) It is necessary to place the child in secure detention in order to protect the victim from injury.
 

 The child may not be held in secure detention under this subsection for more than 48 hours unless ordered by the court. After 48 hours, the court shall hold a hearing if the state attorney or victim requests that secure detention be continued. The child may continue to be held in detention care if the court makes
 
 *695
 
 a specific, written finding that detention care is necessary to protect the victim from injury. However, the child may not be held in detention care beyond the time limits set forth in this section or s. 985.26.
 

 § 985.255(2), Fla. Stat. (2008) (emphasis added).
 

 The child represents that no written findings were issued, and the state does not dispute that, acknowledging that if there are no written findings the case should be remanded for the trial court either to enter an order providing written reasons sufficient to comply with the statute, or to release the child from secure detention.
 
 See K.M. v. Dep’t of Juvenile Justice,
 
 898 So.2d 1193 (Fla. 1st DCA 2005).
 

 We therefore grant the petition and, as in
 
 K.M.,
 
 we direct the trial court either to enter a written order in accordance with the statute, or order D.F.’s release from secure detention by 5:00 p.m. on the second business day following the date of issuance of this opinion.
 

 GROSS, C.J, GERBER and LEVINE, JJ., concur.