45 So.3d 575 (2010)
A.D., a child, Petitioner,
v.
STATE of Florida, Respondent.
No. 4D10-4174.
District Court of Appeal of Florida, Fourth District.
October 22, 2010.
Howard Finkelstein, Public Defender, and Tamara L. Curtis, Assistant Public Defender, Fort Lauderdale, for petitioner.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for respondent.
PER CURIAM.
A.D., a juvenile, petitions this court for a writ of habeas corpus, contending that the circuit court unlawfully placed him in secure detention for various charges including domestic violence against his mother. We grant the petition because the court did not make written findings supporting the secure detention.
A.D. scored nine points on his risk assessment instrument (RAI). A score of nine points calls for only nonsecure or *576 home detention. However, the screener who prepared the RAI concluded that the court needed to place A.D. in secure detention for three reasons: (1) the charge involved domestic violence; (2) respite care was not available; and (3) secure detention was necessary to protect the victim from injury. Those reasons can justify secure detention for a juvenile who does not otherwise qualify "if the court makes specific written findings" of those facts. § 985.255(2), Fla. Stat. (2010). However, the court's order did not include such specific written findings.
"If the court orders a placement more restrictive than indicated by the results of the risk assessment instrument, the court shall state, in writing, clear and convincing reasons for such placement." § 985.255(3)(b), Fla. Stat. (2010). "Where a statute requires a written order giving findings and reasons, the transcript of the proceedings upon which the order was based cannot act as a substitute." R.B.S. v. Capri, 384 So.2d 692, 696 (Fla. 3d DCA 1980).
Here, because the court ordered placement more restrictive than indicated by the results of the RAI without stating, in writing, clear and convincing reasons for such placement, we are required to grant the petition for writ of habeas corpus. We direct the court, by 5:00 p.m. on the second business day following the date of issuance of this opinion, either to enter a written order in accordance with section 985.255 or order A.D.'s release from secure detention. See D.F. v. Housel, 10 So.3d 694, 695 (Fla. 1st DCA 2009) (granting petition for writ of habeas corpus and directing circuit court, by 5:00 p.m. on the second business day following the date of issuance of the opinion, either to enter a written order in accordance with section 985.255 or order the juvenile's release from secure detention).[1]
Petition granted; remanded for further proceedings.
MAY, CIKLIN and GERBER, JJ., concur.
NOTES
[1] Both Westlaw and West's So.3d reporter inadvertently show D.F. as a first district opinion.